# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA (DECATUR)

| | |
|---|---|
| Ulrekia Malone,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Equifax Information Services, LLC,<br>a Georgia limited liability company,<br>Capital One Auto a division of Capital<br>One, N.A.,<br>a foreign corporation, and<br>WebBank,<br>a foreign corporation,<br><br>　　　　Defendants. | Case No.:<br><br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, ULREKIA MALONE, BY AND THROUGH COUNSEL, WILLIAM ELLIOTT, ESQ., and for her Complaint against the Defendants, pleads as follows:

### **JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

1

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Fort Madison, Madison County, Alabama.

4. Venue is proper in the Northern District of Alabama.

## PARTIES

5. Plaintiff is a natural person residing in City of Madison, Madison County, Alabama.

6. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the state of Alabama;

    b. Capital One Auto a division of Capital One, N.A. ("Capital One") is a foreign corporation that conducts business in the state of Alabama; and

    c. WebBank is a foreign corporation that conducts business in the state of Alabama.

## GENERAL ALLEGATIONS

7. Capital One and WebBank (collectively "Furnishers") are inaccurately reporting their tradelines ("Errant Tradelines") with erroneous scheduled monthly payment amounts on Plaintiff's Equifax credit disclosure.

8. Capital One is inaccurately reporting its tradeline on Plaintiff's Equifax credit disclosure with an erroneous monthly payment amount of $546.00.

9. WebBank is inaccurately reporting its tradeline on Plaintiff's Equifax credit disclosure with an erroneous monthly payment amount of $17.00.

10. The accounts reflected by the Errant Tradelines were charged off and closed by the Furnishers. Plaintiff no longer has an obligation to make monthly payments to the Furnishers.

11. On July 30, 2018, Plaintiff obtained her Equifax credit disclosure and noticed the Errant WebBank Tradeline inaccurately reporting with an erroneous monthly payment amount.

12. On or about September 27, 2018, Plaintiff submitted a letter to Equifax, disputing the Errant WebBank Tradeline.

13. In her dispute letter, Plaintiff explained that the account reflected by the Errant WebBank Tradeline was charged off and closed by WebBank. Plaintiff no longer has an obligation to make monthly payments to WebBank. Plaintiff asked Equifax to report the Errant WebBank Tradeline with the monthly payment amount of $0.00.

14. On November 19, 2018, Plaintiff obtained another Equifax credit disclosure and noticed the Errant Capital One Tradeline inaccurately reporting with an erroneous monthly payment amount.

15. On or about January 3, 2019, Plaintiff submitted a letter to Equifax, disputing the Errant Capital One Tradeline.

16. In her dispute letter, Plaintiff explained that the account reflected by the Errant Capital One Tradeline was charged off and closed by Capital One. Plaintiff no longer has an obligation to make monthly payments to Capital One. Plaintiff asked Equifax to report the Errant Capital One Tradeline with the monthly payment amount of $0.00.

17. Equifax forwarded Plaintiff's consumer disputes to the Furnishers.

18. The Furnishers received Plaintiff's consumer disputes from Equifax.

19. The Furnishers did not consult the Credit Reporting Resource Guide as part of its investigation of Plaintiff's dispute.

20. In response to Plaintiff's dispute, the Furnishers verified to Equifax that its reporting of its Errant Tradelines were accurate.

21. Plaintiff had not received Equifax's investigation results. Therefore, on February 23, 2019, Plaintiff obtained her Equifax credit disclosure, which showed that Equifax and the Furnishers failed or refused to report the scheduled monthly payment as $0.00 on the Errant Tradelines.

22. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also

experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE**

23. Plaintiff realleges the above paragraphs as if recited verbatim.

24. After being informed by Equifax of Plaintiff's consumer dispute of the scheduled monthly payment amount, Capital One negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

25. Capital One negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax to report the Errant Tradeline with a $0.00 monthly payment amount.

26. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Equifax, to which it is reporting such tradeline.

27. As a direct and proximate cause of Capital One's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

28. Capital One is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

29. Plaintiff has a private right of action to assert claims against Capital One arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Capital One for damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE**

30. Plaintiff realleges the above paragraphs as if recited verbatim.

31. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Capital One willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax to report the Errant Tradeline with a $0.00 monthly payment amount.

32. Capital One willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

33. As a direct and proximate cause of Capital One's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

34. Capital One is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Capital One for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WEBBANK

35. Plaintiff realleges the above paragraphs as if recited verbatim.

36. After being informed by Equifax of Plaintiff's consumer dispute of the scheduled monthly payment amount, WebBank negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

37. WebBank negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax to report the Errant Tradeline with a $0.00 monthly payment amount.

38. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Equifax, to which it is reporting such tradeline.

39. As a direct and proximate cause of WebBank's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

40. WebBank is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

41. Plaintiff has a private right of action to assert claims against WebBank arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant WebBank for damages, costs, interest, and attorneys' fees.

### COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WEBBANK**

42. Plaintiff realleges the above paragraphs as if recited verbatim.

43. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, WebBank willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax to report the Errant Tradeline with a $0.00 monthly payment amount.

44. WebBank willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

45. As a direct and proximate cause of WebBank's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

46. WebBank is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant WebBank for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

47. Plaintiff realleges the above paragraphs as if recited verbatim.

48. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

49. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

50. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

51. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

52. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

53. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

54. Plaintiff realleges the above paragraphs as if recited verbatim.

55. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

56. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

57. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

58. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

59. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

60. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: August 30, 2019

By: */s/ William Elliot*
William Elliott, Esq.
Elliott Law Group, P.A.
P.O. Box 43343
Vestavia, AL 35243
Telephone: (334) 467-1634
Email: law@b-elliott.com
*Attorneys for Plaintiff,*
*Ulrekia Malone*